IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02182-PAB-KMT

JEREMY J. LOYD,

    Plaintiff,

v.

PAUL PRENDERGAST, individually and in his official capacity as SOMB Board Chair,
PEGGY HEIL, individually and in her official capacity as Chief of Rehabilitation Programs,
SAMUEL MCCULLAR, individually and in his official capacity as a Sex Offender Treatment Program Manager,
SAMUEL DUNLAP, individually and in his official capacity as SOTMP Phase II Program Coordinator,
CHRISTINE TYLER, individually and in her official capacity as SOTMP Therapist,
AMICH & JENKS, INC., a Colorado corporation,
JEFFREY JENKS, individually and in his official capacity as Polygrapher and Partner, Amich & Jenks, Inc.,
TOM SHEELY, individually and in his official capacity as Polygrapher, Amich & Jenks, Inc., and
COREY SCHMIDT, individually and in his official capacity as Polygrapher, Amich & Jenks, Inc.

    Defendants.

___

**ANSWER**
___

Defendants Amich & Jenks, Inc., Jeffrey Jenks, Tom Sheely and Corey Schmidt, by and through their attorneys, Hall & Evans, L.L.C., as answer to the Prisoner Complaint herein, state and allege as follows:

## A. PARTIES

1. These Defendants admit the allegations set forth in ¶ 1 of this portion of Plaintiff's Complaint.

2. With respect to the allegations set forth in ¶¶ 2 through 6 of this portion of Plaintiff's Complaint, these Defendants are without sufficient knowledge or information to form a belief as to the truth of all such allegations, and therefore deny same.

3. With respect to ¶¶ 7 through 10 of this portion of the Complaint herein, these Defendants admit those allegations with respect to their contractual work as polygraphers for the State of Colorado, but deny all remaining allegations contained therein.

## B. JURISDICTION

4. These Defendants admit that Plaintiff's claims are alleged as being brought pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983, but deny that Plaintiff states any claim cognizable under the Civil Right Act against these Defendants.

## C. NATURE OF THE CASE

5. With respect to that component of this portion of Plaintiff's Complaint, these Defendants admit that they conducted polygraph examinations of the Plaintiff on the dates alleged, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein and therefore deny same.

## D. CAUSE OF ACTION

6. With respect to Plaintiff's four claims presented herein, these Defendants admit that the case law and statutes referred to by Plaintiff therein speak for themselves and allege issues of law which are not susceptible of factual admissions or denials. These Defendants deny

the allegations contained in Section D of Plaintiff's Complaint insofar as they allege that Plaintiff's constitutional rights were violated by these Defendants or that these Defendants were the legal cause of Plaintiff's alleged injuries and damages.

These Defendants also deny the allegations made against them on page 9 of this portion of Plaintiff's Complaint. With respect to the allegations made against these Defendants on pages 15 and 16 of this portion of Plaintiff's Complaint, these Defendants are without sufficient knowledge or information to form a belief as to the truth of said allegations and therefore deny same. Additionally, as to the allegations made against these Defendants on pages 15 and 16 of this portion of Plaintiff's Complaint, these Defendants deny same and further deny that these allegations present any cognizable constitutional rights with respect to these alleged activities.

## E.  PREVIOUS LAWSUITS

7.    These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this portion of Plaintiff's Complaint and therefore deny same.

## F.  ADMINISTRATIVE RELIEF

8.    These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this portion of Plaintiff's Complaint and therefore deny same.

### G.  REQUEST FOR RELIEF

9. These Defendants admit that Plaintiff seeks certain declaratory, injunctive and monetary relief, but deny that there is any basis in law or fact upon which the relief sought in this portion of Plaintiff's Complaint could be ordered by the Court against these Defendants.

### GENERAL DENIAL

These Defendants deny each and every one of the allegations contained in Plaintiff's Prisoner Complaint which are not specifically admitted above.

### DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state any claim cognizable under the Civil Rights Act upon which relief may be granted against these Defendants.

2. None of Plaintiff's allegations or claims relative to these Defendants rise to the level of constitutional violations sufficient to state a claim upon which relief may be granted.

3. Any actions taken by these Defendants relative to Plaintiff were undertaken for legitimate, nondiscriminatory penalogical purposes.

4. Plaintiff's claims for punitive or exemplary damages against these Defendants in their individual capacities are barred, or in the alternative, are unconstitutional and would violate their rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §25 of the Colorado Constitution.

5. The injuries and damages allegedly sustained by the Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom these Defendants have no control or right of control.

6. These Defendants in their individual capacities, deny that they were acting under color of law, but in the alternative if the Court so finds, these Defendants are entitled to qualified immunity for all of Plaintiff's claims presented herein.

7. Plaintiff has failed to mitigate his damages, if any, as required by law.

8. These Defendants deny that they have breached any duty owed Plaintiff under the Civil Rights Act, at any time in the course of their involvement with Plaintiff.

9. At all times pertinent hereto, these Defendants acted in accordance with all common law, statutory, regulatory, policy and constitutional obligations and without any intent to discriminate or cause Plaintiff any harm.

10. Some or all of Plaintiff's claims presented herein are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §1997e(e), et. seq.

11. Some or all of Plaintiff's claims presented herein may be barred by his failure to comply with jurisdictional and administrative prerequisites to this lawsuit, including applicable deadlines.

12. Some or all of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

13. These Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any of Plaintiff's alleged constitutional violations.

14. All actions of these Defendants taken with respect to Plaintiff's were untaken in good faith and were reasonable under the circumstances and no action taken by any of these Defendants related to any "protected activity" of the Plaintiff.

15. These Defendants specifically reserve the right to amend their Answer to include additional affirmative defenses and/or delete affirmative defenses which have become non-applicable on completion of additional discovery.

WHEREFORE, these Defendants having fully answered the Plaintiff's Amended Complaint pray for dismissal of same with prejudice that these Defendants be allowed to recover their costs and attorney fees in the defense of this matter and for such other relief as the Court may deem just and proper.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

s/David R. Brougham
David R. Brougham, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202
Phone: (303) 628-3300; Fax:(303) 293-3238
broughamd@hallevans.com

and

s/Edmund M. Kennedy
Edmund M. Kennedy, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202
Phone: (303) 628-3300;Fax: (303) 293-3238
broughamd@hallevans.com

Defendants' Address:
4851 Independence Street, Suite 199
Wheat Ridge, CO  80033

**ATTORNEYS FOR DEFENDANTS AMICH & JENKS, INC., JEFFREY JENKS, TOM SHEELY AND COREY SCHMIDT**

6

**CERTIFICATE OF SERVICE (CM/ECF)**

  I hereby certify that on January 26, 2009, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

**Chris W. Alber**
**Assistant Attorney General**
**Civil Litigation & Employment Law Section**
1525 Sherman St., 5th Flr.
Denver, CO   80203
ltalbecw@dol.state.co.us

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

**Jeremy J. Loyd, #117779**
**Arrowhead Correctional Center**
Unit B
P.O. Box 300
Canon City, CO  81215-0300

                s/Marlene Wilson, Secretary to
                David R. Brougham, Esq.
                Edmund M. Kennedy, Esq.
                HALL & EVANS, L.L.C.
                1125 Seventeenth Street, Suite 600
                Denver, Colorado 80202
                Phone: (303) 628-3300
                Fax:    (303) 293-3238
                broughamd@hallevans.com
                kennedye@hallevans.com
                **ATTORNEYS FOR DEFENDANTS AMICH & JENKS, INC., JEFFREY JENKS, TOM SHEELY AND COREY SCHMIDT**